HELD v. BAGWELL.

1. **Public Officer:** APPROVING BOND: SURETY. A public officer, charged with the duty of approving the bond of another officer, must discharge that duty for the benefit of the public. He is not required to protect the sureties from liability, and a surety on such bond who suffers loss has no remedy against such officer, for the reason that if the officer was negligent he violated a public duty and not a duty owed to the surety.

2. ———: DEFALCATION: LIABILITY OF SURETY: The surety cannot be held liable for a defalcation of the officer prior to the execution of the bond, nor be bound by a judgment therefor if not a party to the action.

*Appeal from Boone Circuit Court.*

THURSDAY, APRIL 20.

ACTION at law. A demurrer to plaintiff's petition was sustained and judgment thereon rendered for defendant; plaintiff appeals.

*H. W. Maxwell* and *Hull & Whitaker*, for appellant.

*Webb & Dyer*, for appellee.

· BECK, J.—I. As the decision of the cause was made in the court below upon a demurrer to plaintiff's petition, it becomes necessary to set out fully both of these pleadings. The petition is in the following language, alleging:

"1. That during the month of November, 1876, the said defendant was one of the members of the board of supervisors of the county of Boone, Iowa, and acted in such capacity during that entire year, said board consisting of three members only.

"2. That from the first Monday of January, 1876, to the 17th day of November, 1876, one George E. Jones, was the incumbent of the office of treasurer of said county of Boone, to fill a vacancy caused by the failure of one J. W. Snell, who had been elected thereto at the general election in said county in October, 1875, to qualify in said office, he, the said Jones, having been treasurer of said county for the term of two years, ending the first day of January, 1876, and that at the general election held in said county in November, 1876, said George E. Jones was elected to said office to fill the unexpired term, to which the said J. W. Snell had been elected as aforesaid, whereby said Jones became his own successor in said office.

"3. That it was the duty of said board of supervisors, and the defendant as one of them, to approve the official bond of the said George E. Jones as treasurer, and to require him to produce and fully account for all the money and property in his control, under color of his office, during the expired term, and the said board, and the defendant, were prohibited, by law, from approving the bond of said Jones, for the ensuing term, until he had produced and fully accounted with said board for all such funds and property, and required them to make an indorsement upon the bond showing that such accounting and settlement had been made, and all such funds and property produced and accounted for by said Jones.

"4. That relying upon said defendant to discharge his duty, and believing that he had done and performed the same, and being ignorant of the fact that said George E. Jones had not

Held v. Bagwell.

produced and accounted with said board of supervisors, as aforesaid, the plaintiff, on or about the 17th day of November, became surety for said George E. Jones for the new term to which he had been elected, by signing his official bond, and which said bond was on the date last mentioned accepted and approved by said board of supervisors with the knowledge, consent, and concurrence of said defendant, and said bond thereafter became and was binding upon the plaintiff, and held him liable to pay any moneys the said Jones should, under color of his office, then or ought to have in his hands, whether he had the same, at the date of the approval of said bond, or had, prior thereto, embezzled and appropriated it to his own use.

"5.    But this plaintiff alleges that said board of supervisors, nor the defendant, did not require the said George E. Jones to produce and account for the funds and property in his hands, under color of his office, during and at the expiration of his previous term, and had no accounting whatever with him in respect thereto, and did not make any indorsement upon said bond of any such accounting, but in violation of the law, in such cases made and provided, approved said bond without any accounting by him, on account of his said office.

"6.    And this plaintiff alleges that on the said 17th day of November, 1876, the said George E. Jones, as treasurer of said county, was in default in his said office, had embezzled and appropriated to his own use, and could not have produced and accounted for, a large sum of money he had received under color of his office aforesaid, to-wit: the sum of fifteen thousand dollars, and that sum he did in no place have, own, or under his control, all of which was unknown to plaintiff, or he would not have signed said bond; but the plaintiff avers and charges the fact to be that at said date, and before then, the defendant had full personal and official knowledge of such defalcation on the part of said George E. Jones, as treasurer as aforesaid, and then well knew that Jones could not produce and account for the funds and property he held under color of his office, and well knew that he had embezzled and appropriated fifteen thou-

sand dollars of such funds to his own use, yet he fraudulently and wickedly contriving concealed such knowledge and such fact, and willfully and grossly, in violation of law and his duty in office, well knowing all the facts, concurred in the approval of said bond, and its acceptance by said county, when, if he had publicly divulged these facts and objected to the filing and approval of said bond, it would not have been so filed and approved. That defendant had, before that time, privately informed some of his personal friends of all of said facts and prevented them from becoming sureties on said bond, but willfully concealed the same from plaintiff and other signers of said bond until about the month of January, 1880, when he, as a member of said board, in a public manner, declared his prior knowledge of such facts, and this was the first knowledge that plaintiff had of said facts or defendant's knowledge thereof.

"7. And plaintiff alleges that by reason of the signing of said bond, which he would not have done if the defendant had done his duty and divulged the aforesaid facts within his knowledge, and by the approval thereof by said board, which would not have been done if the defendant had done and performed his duty, this plaintiff, in form of law, became liable for the very defalcations and the very same funds which he, prior to the date of said bond of plaintiff, embezzled and appropriated to his own use, and he has been sued on that bond for the same defalcations of Jones which occurred prior to the date of said bond, and he has been put to costs and expense therein, and has been adjudged to pay that same fifteen thousand dollars, and has, during the last two months, paid on account of signing such bond the sum of two thousand dollars.

"8. And plaintiff alleges that from and after the 17th day of November, 1876, the said George E. Jones, as treasurer of said county, did not commit any breach of said bond so signed by plaintiff, and did not after its date embezzle any of the funds of said county, or those held under color of his office, and did not fail to account for any funds so received after the date of that bond, but all the aforesaid embezzlements had been

committed by said Jones, and the very money plaintiff was held to pay was used, embezzled, and appropriated by said Jones before the date of the bond to plaintiff, and all the injury and damage to plaintiff solely resulted by reason of the gross malfeasance of said defendant in his office as aforesaid.

"9.　And the plaintiff alleges that all the acts of the said defendant, herein complained of, were done by said defendant under color of his office, and were by him done willfully and maliciously to oppress plaintiff and his co-sureties on said bond, and relieve the friends of said defendant, and the plaintiff claims exemplary damages. That the claim here sued is plaintiff's property."

The demurrer to the petition is as follows:

"*First.* The facts stated in the petition do not entitle the plaintiff to the relief demanded for that the petition shows the duties neglected by defendant were duties imposed upon defendant as a public officer to the public, and the failure to perform such duties would only be a public injury, and no individual injury or liability could arise therefrom. Said petition also shows that no liability was incurred by reason of the taking or appropriating of public moneys while the bond given by plaintiff was in force, but on the contrary shows that no defalcation occurred during the life of the bond given by plaintiff.

"*Second.* The facts stated in the petition do not entitle plaintiff to the relief demand in this: Such petition shows that all the injury complained of or sustained by plaintiff arose from his own want of care and neglect in not ascertaining whether proper settlements and accountings had been had between the principal and the county of Boone, and that his act of signing the alleged bond as surety was a voluntary act upon his part, without any regard being had as to past or future liabilities. That the negligence alleged as a cause for the action was the neglect of the board of supervisors of Boone county, Iowa, and not the personal negligence of defendant, and no action can be maintained against him as an individual for the failure of

the said board of supervisors to perform their several duties, defendant not comprising the board, nor a majority of the same, no several or individual liabilities existing under the law of the State for such acts."

"*Third.* The petition on its face shows that plaintiff's claim is barred by the statute of limitations, plaintiff's right of action occurring November 17th, 1876, and plaintiff's action being commenced December 7th, 1880, more than three years having elapsed between the commencement of plaintiff's alleged right of action and the commencement of his suit.

II.   The demurrer, we think, was correctly sustained for the following reasons:   The defendant, as a public officer, was charged with the duty of approving the bond of the treasurer. This was a duty to be discharged for the benefit of the public.   He was required, in approving the bond, to act for the interest of the county to the end that the public money of the county would be secured to its treasury.   He was not required to look after the interest of the sureties upon the bond, or to protect them from liability, which they might incur by signing the bond of an unfaithful public officer.   If the defendant approved the bond when the treasurer was in default, he violated his duty to the public.   The plaintiff has no remedy against defendant for losses sustained by reason of this violation of public duty, for the reason he violated no duty he owed to plaintiff.   See Cooly on Torts, p. 379. . The allegations that defendant's act in approving the bond was done "willfully" and "maliciously," and "to oppress" plaintiff, do not show that it was done in the violation of a duty owed by defendant to plaintiff.   In the absence of such an allegation the plaintiff's petition fails to present a cause of action against defendant.

1. PUBLIC officer: approving bond: surety.

III.   The petition alleges in the 8th count that the treasurer made no default in the discharge of his public duty, and committed no breach of the bond, after its execution.   The plaintiff was therefore not liable as his surety. *The Ind. School Dist., etc., v. McDonald*

2. —— : defalcation: liability of surety.

*et. al.*, 39 Iowa, 564; *Boone County v. Jones*, 54 Iowa, 699.

IV. The 7th count of the petition alleges that plaintiff was held liable in an action for defalcation of the treasurer before plaintiff executed the bond. If we are to understand this count as being in conflict with the allegation of the 8th, it shows that the judgment was rendered without authority of law. But defendant in this case would not be bound by that judgment, as he is not shown to have been a party to that action. The two counts considered together do not show liability on the part of defendant.

In our opinion the court below rightly sustained the demurrer.

AFFIRMED.